IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CLARENCE SHED                                                                                    PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:16CV171-NBB-RP

JOHNNY COLEMAN BUILDERS, INC.;
JOHNNY COLEMAN d/b/a
JOHNNY COLEMAN COMPANIES, LLC;
SHERRY MAGGIO FLYNN, and
JOHN DOES 1-10                                                                              DEFENDANTS

## **ORDER**

Presently before the court is the plaintiff's motion to reconsider summary judgment. Upon due consideration of the motion, response, and applicable authority, the court finds that the motion is not well taken and should be denied.

Finding no evidentiary support for essential elements of the plaintiff's claims and no genuine issue of material fact, this court granted summary judgment in favor of the defendants. The plaintiff subsequently filed the present motion to reconsider.

The Federal Rules of Civil Procedure do not specifically provide for a motion to reconsider, but the Fifth Circuit has held that a district court may entertain such a motion and address it as a motion to alter or amend judgment under Rule 59(e) or as a motion for relief from judgment under Rule 60(b).  *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).  Rule 59(e) requires that the motion be filed no later than twenty-eight days after entry of the judgment.  Fed. R. Civ. P. 59(e).  The plaintiff filed the present motion outside that period; thus, the court must examine the motion under Rule 60, which requires only that the

motion be made "within a reasonable time," or within one year under certain circumstances.

Fed. R. Civ. P. 60(c)(1).

Rule 60(b) sets forth six bases for granting relief from a final judgment:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The plaintiff asserts none of these reasons as the basis for his motion but instead appears to move, in essence, for additional discovery pursuant to Fed. R. Civ. P. 56(d). The discovery deadline in this case was March 24, 2017. The defendants' motion for summary judgment was filed prior to that date, but the plaintiff did not request additional discovery at that time. Further, he has set forth no valid grounds for such relief at this time.

Accordingly, the court finds that the plaintiff's motion to reconsider is not well taken and that it should be, and the same is hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this, the 14th day of May, 2018.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT COURT