IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CLARENCE SHED                                                                                          PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:16CV171-NBB-RP

JOHNNY COLEMAN BUILDERS, INC.;
JOHNNY COLEMAN d/b/a
JOHNNY COLEMAN COMPANIES, LLC;
SHERRY MAGGIO FLYNN, and
JOHN DOES 1-10                                                                                      DEFENDANTS

**<u>ORDER</u>**

This cause comes before the court upon the *pro se* plaintiff's second Rule 60(b) motion for relief from judgment. This court granted the defendants' motion for summary judgment on August 23, 2017, and the plaintiff subsequently appealed. This is the second motion the plaintiff has filed in this court during the pendency of his appeal seeking to set aside the court's entry of summary judgment pursuant to Fed. R. Civ. P. 60(b). The court denied the plaintiff's first Rule 60(b) motion on May 15, 2018.

In the present motion, the plaintiff makes a vague argument that appears to accuse opposing counsel and one of the defendants of some sort of fraud in the underlying proceedings. Rule 60(b)(3) allows for relief from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (citing *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995)). The

plaintiff has the burden of proving misconduct by clear and convincing evidence. *Id.* (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

This court granted summary judgment in favor of the defendants due to, inter alia, the lack of any expert testimony on the issue of causation. The Fifth Circuit recently affirmed this court's ruling. *See* [Docket 68]. As this court noted in its original summary judgment opinion, the plaintiff acknowledged that he did not identify any experts during discovery. Assuming arguendo that the plaintiff could meet his burden and prove by clear and convincing evidence that the adverse party somehow engaged in fraud, he would nevertheless be unable to show that the alleged misconduct prevented him from fully and fairly presenting his case, as he has admitted he simply did not have the evidence required to create a genuine issue of material fact as to causation in this case.[1]

For the foregoing reasons, the court finds that the plaintiff's motion for relief from judgment pursuant to Rule 60(b) should be, and the same is hereby, **DENIED**.

SO ORDERED AND ADJUDGED this 26th day of March, 2019.

        /s/ Neal Biggers  
        NEAL B. BIGGERS, JR.  
        UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff attempted to survive summary judgment by offering his treating physician's opinion as expert testimony pursuant to Local Rule 26(a)(2)(D), but the physician found the plaintiff's symptoms only "consistent" with mold exposure and offered no opinion as to causation.